UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, | ) C/A No.: 4:16-1151-MGL-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Eric Hodges, Wayne Byrd, Bill Nettles, | ) |
| Defendants. | ) |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, who is detained at the Darlington County Detention Center while awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 through 44-48-170, seeks relief under 42 U.S.C. § 1983.[1] See Complaint, ECF No. 1 at 3.

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

1

Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.

Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Here, after a careful review of the Complaint pursuant to this liberal standard, the undersigned finds for the reasons set forth hereinbelow that this case is subject to summary dismissal.

## Discussion

Plaintiff states that he is attempting to litigate claims of false imprisonment, denial of due process, and slander. ECF No. 1 at 2. He alleges that on approximately September 24, 2011,

Defendant Officer Hodges told the Darlington County Grand Jury that he gave a cell phone to a minor that contained nude photos of Plaintiff. Thereafter, Plaintiff was indicted and an arrest warrant was issued. Plaintiff claims that based on this he is now considered a sexually violent predator and is facing civil commitment because Hodges filed the wrong charge against him (that Plaintiff should have been charged with obscene solicitation of a minor rather than criminal solicitation of a minor, which is a violent crime and places the offender in the category of being a sexually violent predator). He alleges that Defendant Wayne Byrd, the Sheriff of Darlington County, gave Defendant Hodges permission to use the "lie" to find him guilty at trial. Plaintiff also asserts that his public defender, Richard Jones, allowed the state to prosecute Plaintiff even though the indictment was allegedly illegally obtained. He alleges that at his probable cause hearing, Jones's aide Chelsea McNeil (who appears to also be an attorney) said nothing after Hodges told the judge that Plaintiff was nude in the photographs, even though McNeil knew Plaintiff was not nude. Finally, Plaintiff alleges that Bill Nettles, who Plaintiff refers to as the "District Attorney for S.C.,"[2] allowed the prosecution to "use the lie" to find him guilty at trial, even though testimony from the victim after trial allegedly proved that Plaintiff was wearing swim wear. ECF No. 1 at 3-4. Plaintiff requests declaratory and injunctive relief, as well as monetary damages.[3] Id. at 6.

---

[2] It is unclear if Plaintiff intended to refer to Alan Wilson, who is the Attorney General for South Carolina. See http://www.scag.gov/ (last visited July 15, 2016). William Nettles was the United States Attorney for the District of South Carolina at the time this action was filed (Beth Drake is currently the Acting United States Attorney for the District of South Carolina, see https://www.justice.gov/usao-sc (last visited July 15, 2016).

[3] Plaintiff also requests that Defendants Hodges and Byrd be fired from their jobs. However, this Court has no authority to order that either of these Defendants be terminated from their employment. See Maxton v. Johnson, 488 F. Supp. 1030, 1032, n. 2 (D.S.C.1980), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.) [A federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal (continued...)



3

Plaintiff's claims for false imprisonment and denial of due process are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. There is no such allegation set forth in the Complaint.

Records from Darlington County[4] indicate that Plaintiff was convicted on February 27, 2013 (jury trial) on the charges of criminal solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603&CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts.

---

[3](...continued)
district court], cert. denied, Clippinger v. United States, 364 U.S. 818 (1960).

[4]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

4

org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600606&CaseType=C (last visited July 15, 2016). Plaintiff was also sentenced to three years concurrent as to his conviction of contributing to the delinquency of a minor. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600605&CaseType=C. There is no indication that any of these convictions has been reversed or overturned. Therefore, as Plaintiff has not shown a favorable termination as to his state court convictions, his claims for false imprisonment and a due process violation are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

It is unclear whether Plaintiff is still incarcerated on the 2013 convictions discussed above, and the Fourth Circuit, in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), did indicate that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." Wilson, 535 F.3d at 268. However, even if Plaintiff is currently no longer "in custody" as to the challenged convictions, he had ample time to bring his habeas claims while in custody and has not alleged that circumstances beyond his control existed to prevent him from pursuing habeas relief. See Bishop v. County of Macon, 484 F. App'x 753, 754 (4th Cir. 2012)[Finding that the Wilson



5

exception only applies where the plaintiff can show that circumstances beyond his control left him unable to pursue habeas remedies and warning that "<u>Wilson</u> does not permit a plaintiff to end-run <u>Heck</u> by simply sitting on his rights until all avenues for challenging a conviction have closed."]; <u>see also</u> Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015) [In order for the <u>Heck</u> bar not to apply, the claimant must not only no longer be in custody because the sentence has been served, but also could not have practicably sought habeas relief while in custody]; <u>cf.</u> Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[Noting that where a claimant had sufficient time to pursue post conviction relief, and indeed had actually done so and was unsuccessful, the <u>Heck</u> bar remains even after termination of the underlying conviction or sentence]. Therefore, <u>Wilson</u> does not provide Plaintiff with an avenue for relief in this case.

Further, the undersigned is constrained to note that Plaintiff currently has an application for post-conviction relief pending in the South Carolina Courts. <u>See</u> http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16002&Casenum=2015CP1600016&CaseType=V. To the extent that Plaintiff is requesting that this Court interfere with his pending state court action (his APCR), federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. <u>See, e.g.</u>, Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Applications for post-conviction relief are part of Plaintiff's "pending criminal case" as that terminology is understood under <u>Younger</u> and its progeny. <u>See, e.g.</u>, Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)[applying <u>Younger</u> as to the plaintiff's request that the district court provide direction to state court judges as to the plaintiff's PCR, criminal, and/or DNA testing cases]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5



6

(N.D.Ill. 2000)[presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)[applying Younger because post-conviction proceedings were pending].

In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit also ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts]. Therefore, this Court may not interfere with Plaintiff's pending state court proceedings.

As for Plaintiff's request that he be released from custody, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983.

7

Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. Hence, if Plaintiff wishes to challenge the duration of his confinement (and he is not already doing so in his pending APCR), he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies. does not appear to be challenging his current detention.[5]

Additionally, while Plaintiff may also be attempting to allege claims against the attorneys (Jones and McNeil) who represented him in his criminal proceedings, he has not named either of these attorneys as defendants in this action. In any event, there is no indication that these attorneys acted under color of state law, as an attorney, whether retained, court-appointed, or a public

---

[5]Even if Plaintiff is deemed to have been released from custody as to his state court convictions, this Court should abstain from interfering with his pending civil commitment proceedings. The Fourth Circuit has held that Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005)[property law concerns] (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators. In re: Luckabaugh, 568 S.E.2d 338, 348 (S.C. 2002). The Court of Appeals of South Carolina has stated that protecting minors from sexual predators is an important state interest. See State v. Reid, 679 S.E.2d 194, 201 n. 6 (S.C.Ct.App. 2009)[discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case]. Another district court in this circuit found that Heck barred both a claim that the plaintiff was being held past his mandatory parole release date as to his state convictions and his civil confinement pending assessment as a SVP. Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va. Aug. 26, 2008), aff'd, 323 F. App'x 293 (4th Cir. 2009). Other circuits have applied Younger to pending civil commitment proceedings. See Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010)["The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."]; Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011)[Younger doctrine extends to state civil judicial proceedings where there is an ongoing state-initiated judicial proceeding, the proceeding implicates important state interests, the federal litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves].

8

defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney].

Finally, to the extent Plaintiff is alleging that one or more of the named Defendants have slandered him, these would be state law claims that Plaintiff could pursue in State Court. "[T]he Constitution does not forbid libel and slander." Davis v. City of Chicago, 53 F.3d 801, 804 (7th Cir.1995); see also Stordahl v. Harrison, 542 F.Supp. 721, 723 (E.D.Va. 1982) ["Slander or defamation in and of itself does not implicate a liberty or property interest so as to be cognizable under the Fourteenth Amendment or 42 U.S.C. § 1983."]. "[T]hus allegations of defamation, i.e. libel and/or slander, alone, do not suffice to form a § 1983 claim that is cognizable in a federal court." Boyd v. Angelica Textile Servs. Inc., No. CA 3:12–334–JFA–PJG, 2012 WL 2260235, at *4 (D.S.C. May 18, 2012), adopted by, No. CA 3:12–334–JFA, 2012 WL 2237167 (D.S.C. June 15, 2012), aff'd, 491 F. App'x 425 (4th Cir. 2012). Since Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over any such state law claims.[6] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's

---

[6] While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.



9

dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, Plaintiff's state law claim for slander should be dismissed without prejudice.

## Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 27, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

