

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LARRY JAMES TYLER,<br>        Plaintiff,<br><br>vs.<br><br>ERIC HODGES; WAYNE BYRD; and<br>BILL NETTLES,<br>        Defendants. | CIVIL ACTION NO. 4:16-01151-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION TO AMEND,
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 27, 2016, and the Clerk of Court entered Plaintiff's objections to the Report and his Motion to Amend his Complaint on August 8, 2016. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In light of the standards set forth above, the Court has reviewed, de novo, the Report and Plaintiff's objections. In Plaintiff's objections, he generally reiterates claims that the Magistrate Judge has already considered and rejected. Nowhere in Plaintiff's objections does he meaningfully counter any of the core legal determinations of the Magistrate Judge, such as his careful holding that Plaintiff's claims for false imprisonment and a due process violation are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and should be dismissed because Plaintiff has not shown a favorable termination as to his state court convictions. Nor does Plaintiff present a meritorious objection to the Magistrate Judge's determination that the Court may not interfere with Plaintiff's pending application for post-conviction relief in the South Carolina courts. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them again here. Therefore, it will overrule Plaintiff's objections.

Plaintiff also requests the Court give him leave to amend his Complaint. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend a pleading should be denied if the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The Court is convinced that Plaintiff's proposed amendments to his Complaint would be futile, as the relief he seeks is barred under applicable law as set forth in more detail by the Magistrate Judge in the Report. Therefore, the Court will deny Plaintiff's Motion to Amend.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.  Further, Plaintiff's Motion to Amend his Complaint is **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of August, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.